IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL DARNELL OLIVER,          *
AIS #207467,                     *
                                 *
     Plaintiff,                  *
                                 *
vs.                              *  CIVIL ACTION NO. 11-00520-KD-B
                                 *
JOHNNY L. JOHNSON, *et al.*,     *
                                 *
     Defendants.                 *

## REPORT AND RECOMMENDATION

This is an action brought pursuant to 42 U.S.C § 1983 by Michael Darnell Oliver, an Alabama inmate who is proceeding *pro se* and *in forma pauperis*. In addition to his Complaint (Doc. 14), which is undergoing screening pursuant to 28 U.S.C. § 1915 (e)(2)(B), Oliver has also filed the instant "Motion for Order of Injunction" (Doc. 16), which the Court is construing as a motion for a preliminary injunction. In his motion, Oliver alleges that he is confined at Holman Correction Facility, that on more than two occasions, he has been assaulted by officers at the facility, that the officers have threatened to injure him, and that he believes that his life is being threatened. (Doc. 16).

Oliver's motion has been referred to the undersigned Magistrate Judge for a recommendation pursuant to 28 U.S. C. § 636(b)(1)(B), Local Rule 72.2 and the standing order of general

reference. Based upon a review of Oliver's motion and the record evidence, it is recommended that his motion be denied as MOOT.

The record reflects that Oliver has been transferred from the Holman Correctional Facility and is now incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama. (Doc. 20). Because Oliver is no longer at the Holman facility, and has not alleged that he will or is likely to return to the Holman facility, his claim for injunctive relief is moot. See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) ("This court has clearly stated the following: Absent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred."); Wahl v. McIver, 773 F. 2d 1169, 1173 (11th Cir. 1985)("An inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."); see also Harkless v. Toney, 2012 U.S. Dist. LEXIS 736963, 2012 WL 1946506, at *6 (S.D. Ala. Mar. 16, 2012) ("Because a claim for injunctive relief is a prospective remedy, when the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury.")(quoting Adler v. Duval Cnty. Sch. Bd., 112 F. 3d 1475, 1477 (11th Cir. 1997) (internal

punctuation omitted.) Accordingly, it is recommended that Plaintiff's Motion for Order of Injunction be denied as MOOT.

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this **27th** day of **June, 2012.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.  *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[1]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72.

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **27th** day of **June, 2012.**

**/s/ Sonja F. Bivins**
**UNITED STATES MAGISTRATE JUDGE**