IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL DARNELL OLIVER,** | : |
| Plaintiff, | : |
| vs. | :  CIVIL ACTION 11-00520-KD-B |
| **JOHNNY L. JOHNSON, et al,** | : |
| Defendants. | : |

## ORDER

This action is before the Court on the plaintiff Michael Darnell Oliver's "Motion to Warrant Consideration by the Court" which this Court construes as a motion for reconsideration.[1]  (Doc. 25)    Upon consideration, and for the reasons set forth herein, the motion is DENIED.

Generally, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).   A motion for reconsideration "cannot be brought solely to relitigate issues already raised in an earlier motion." *Harris v. Corrections Corp. of America,* 2011 WL 2672553, 1 (11th Cir. July 11, 2011) citing *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

---

[1] Oliver proceeds *pro se* in this action. Therefore, the documents are given a liberal construction in the interest of justice. *See* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."); *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.") (internal quotations omitted), *cert. denied*, 549 U.S. 1323, 127 S.Ct. 1908 (2007).

In the motion for preliminary injunction, Oliver alleged that officers at Holman Correctional Facility had assaulted and threatened him and that an injunction should be entered to protect him from assault.   The Magistrate Judge entered a report and recommendation that Oliver's motion should be denied as moot because Oliver had been moved to Donaldson Correctional Facility.   Oliver objected to the recommendation and argued that the injunction should be entered to protect him from possible assault in the future.   He argued that moving him to a different facility did not render his motion for injunctive relief moot because he is routinely rotated among three different facilities.

After review of the report and recommendation and the objection, the Court adopted the recommendation and the motion was denied as moot.   Now, Oliver moves the Court to reconsider that decision asserting that the transfer to Donaldson is temporary, that he is still at risk of being assaulted there as well as when he is moved again, and that an injunction should be entered to protect him from assault.

Review of the motion to reconsider and the objection shows that Oliver raised the same argument: Moving him to a different facility does not render his motion for injunctive relief moot because he may be moved again to the facility where the assaults allegedly occurred or he may be assaulted at the facility to which he is moved.   However, reconsideration is not available where the arguments and issues raised have already been heard and decided by the Court. Therefore, the motion for reconsideration is due to be denied.

**DONE** this the 7th day of August, 2012.

                                                  s / Kristi K. DuBose
                                                  **KRISTI K. DuBOSE**
                                                  **UNITED STATES DISTRICT JUDGE**